Whitlock, J.
There is only one main point in this case; viz. What estate is given by this devise: I devise my house to Ann, my wife, to dispose at her pleasure, and to give it to one of my sons, to which she pleases? And I conceive the wife has here an interest, an estate for life, a trust, and an authority to dispose of it to one of the sons in fee; either by suffering it to descend to the eldest, or by giving it to any other son, as if there was a feoffment. Dyer says that a will is like an act of Parliament, the testator is the lawmaker, the devise is the law, and the Judges the expositors. There is a rule laid down in Pownd’s case, in Plowden and Dyer 357, that a will ought to be expounded in such a manner that all the words of it may stand if possible. My exposition tallies with this rule. 41 Eliz. Pigot’s case: one devised that the executors of his will should have the letting of his lands, during the minority of his heir: and it was resolved they had only an authority, and could not make a lease to try the title. Dyer 136.
Jones, J.
I grant that the wife by this devise, has an estate for life, with liberty to dispose of it afterwards as if the testator had devised the house to his wife for life, with power to dispose of the reversion to such of his sons, as she pleased. It is a general rule to expound a will according to the intention of the testator; and to find that intention, there are two rules. 1. The intention ought to be taken out of the words of the will, and not upon an *0 averment. 5 Rep. Cheny’s cafe. 2. If the intention be not apparent out of the words, they are to be expounded according to the rules of the common law. 22 E. 3. If one devises lands to I. S. without defining any estate: it is dubious what estate it meant, whether for life, for years, or in fee; therefore, it is left to the exposition of the law, which likens it to the case of a common conveyance, that makes it an estate for life. 28 Eliz. Eras. Cook’s case. There were two coparceners, and one of them devised all her part to I. S. without expressing what estate he should have, now it was dubious inasmuch as her estate was a fee-simple; and it was therefore left to the interpretation of the law, which made it an estate for the life of I. S. and it was so adjudged. Likewise in Popham’s time in Dixon’s case. One had two sons, and devised his lands to them equally to be divided. And as it did not express his intention with regard to the estate they should have, it was left to the decision of the law, and the court resolved that the eldest son should have a fee, and the younger an estate for life. 3 Rep. 39. b. For the law says that if a man devises land to his younger sons, it is only an estate for life: but if he devises it to the eldest, although strictly, it is only an estate for life; yet as it meets the reversion, it becomes, a fee, and this is the reason of the judgment of the court in the above case. 24 H. 8. in the Common Bench, it was held that if I devise lands to I. S. habend. to him, and his, or to do what he will with it, it is a fee. I have seen the case, in the handwriting of Justice Warburton. But in this case, it is the addition that makes the difference. If the case had been barely: I devise lands to dispose at will and pleasure, as my brother Whitlock has said, it is a fee. Yet I doubt it; and incline to think it is merely an estate for life. For if one devices land without expressing what estate, it is only for life: and the words: to dispose at her will and pleasure, shall relate only to the profits. This case differs from the one in Petit. Br. 532. Br. Devise 38. for there it is said to dispose at her will and pleasure as in our case, but it is also added and to sell, which is not in this case, and this last clause makes that a fee-simple. M. 19. Jac. B. R. rot. 12. 72. Townsend’s case. One devices that his executor shall dispose of his land, he shall dispose of the reversion. And in this court it has been adjudged that if I dispose of land to I. S. in tail, or condition of granting a rent charge in fee, this shall bind the issue in tail, and the remainder-man, inasmuch as the estate was made on this *41 condition. If I devise land to my wife for life, and to give it to some of my sons, it is very clear, and the law is on my side. *I agree with my brother Whitlock on the exposition of the words of the will. It has been farther objected that the woman was covert at the time she made the feoffment. Still I think it is a good one. For although generally a feme covert cannot make feoffment and give livery (for if she gives livery the feoffee is not disseised without the entry of the husband,) still circumstanced as this case is, the wife might well make the enfeoffment. She has the estate with the trust at first, and she shall not take advantage of her coverture, as in the case cited before, when one devices in tail, with condition to grant a rent charge in fee. 10 H. 7. 20. A feme covert executrix may sell to her husband. 34 E. 3. Cut in vita 19. Land was given to a woman, on condition that she should sell it and distribute the proceeds for the soul of the seossor. Afterwards, she married, sold, and distributed and her husband died: she shall not have a Cui in vita for the taking a husband was her own act. Therefore I say that if a feme sole levies a fine of her land, and marry, she shall not have five years, after her husband’s death.
Dederidge, J.
There are two questions in this case. The first, whether the wife has a fee, or an estate absolute, with power to alien? The second, whether she has a fee, with an implied condition to alien : or a fee with power to alien but on condition that if she does alien, then she shall alien to one if the children, which she pleases. My brothers, who have spoken before me, conceive that she has, by this will, an estate for life, with power to alien the reversion. I cannot see the reason of this conclusion. The will does not imply that she is to have an estate for life, for by the first words, I give it to her to give and dispose at her pleasure (if she had it not by the subsequent ones) I hold it clear that he has a fee-simple. Therefore, I conceive that by this devise, the wife has a fee, with power to alien conditionally that the alien to one of the children. In this I agree that she may alien, as my brothers have said and I concur with them that judgment be entered for the defendant. But I differ from them in respect to the quality of the wife’s estate. They hold that it is an estate for life, with power to alien the remainder; and I conceive it to be a fee with a condition, that If she does alien, she shall alien to one of the children which she pleases. It is a common rule that all conveyances, but especially testaments. *42 ought to be construed according to the intention of their makers, ex vi vocabuli. For a testament is testatio mentis. Plowden 343. 179. And it is a just observation that all words ending in ment are to be expounded according to the intention: as parliament, testament, arbitrament, &c.
2. A testament is defined thus: testamentum est voluntatis justa sententia. Ergo the intention ought to observed, otherwise we cannot judge what was his will. Bracton says that a will is donatio ex causa mortis: and it is a rule de mortibus nil nisi bonum, and to speak best, the intention ought to be regarded.
3. A will ought to be taken according to the intention, inasmuch as parties, at the time of their death are in trouble. Put thine house in order, for thou must die is a good sentence. It instructs men that their actions and wills thus made, ought to have a favourable construction, being made in haste. And jacentes in extremis ought to be pitied and their actions favoured.
4. A will is taken according to the intention, inasmuch as the party is inops confilii. Lawyers are not always at hand, and it is often made without advice. Plowd. Scholastica’s case. Those reasons shew that a will ought to be taken according to the intention of the testator. But this rule admits of the following exceptions.
1. A will shall not be allowed, or favoured, where it is repugnant to itself. 1 Rep. 58.
2. It shall not be permitted to thwart the rules of the law. Plowd. Bret’s case.
3. The intention shall be construed by the words of the will and not by any thing out of it. 3 Rep. Cheny’s case 68.
Except in these restrictive instances, Judges construe wills favourably. In certain cases a will is good, though a conveyance would be bad. A devile habend. for ever is a good fee. 18 H. 8. 9. 34 H. 6. 7. and ibidem it is said; device to I. S. and assignatis suis is a fee-simple. But, it is otherwise in a conveyance. Thus a device to two and be red. with a clause of warranty to them and their heirs, is a good fee by device, but not by conveyance. 19 H. 6. 23. If a man devises land to I. S. after the death of his wife, she has an estate for life. 13 H. 7. 1. 29 H. 8. Br. device 48; otherwise in a conveyance. Thus, if I. S. has issue a daughter who has issue a son; if one gives land to I. S. *43 and his heirs male, of his body, it is no entail (to the son, I suppose) for the son ought to derive his estate through a son; is is otherwise in a will. 28 H. 8. Devise 18. Bro. device 32. All those cases prove that Judges have always expounded wills according to the intention of the testator.
The words here are to give and dispose &c. the words dispose gives no interest, but only an authority to ordain. 28 H. 8. * Dyer 26, and one may dispose of that, the right whereof is another’s. There are two judgments which prove, that one may have the disposal of a thing wherein he has no property. 4 E. 2. Waste 11. 17 E. 3. 7. And the same case proves that when one has licence to use a thing at his pleasure; still he ought to use it legally and not abuse it. The wife, in this case, has not the fee with a condition to alien, for a condition is compulsive; and here she is not compelled to do any thing, she is not compelled to alien the land: If she suffers the land to descend to the eldest son, the will is performed. But this estate is a fee, with liberty to alien if she pleases, but with this condition, that if she aliens, she ought to alien to one of the children. With regard to the other doubt that has been started, whether a feoffment made by a feme covert be good? Generally an infant and a feme covert cannot make a feoffment—the one is disabled by nature, the other has submitted herself to her husband. 13 H. 7. But in cases like this, a feme covert can make a feoffment and it shall bind, her, her husband and their heirs.
1. In case of an authority: she may enfeoff her husband 10 H. 7 20. by the court.
2. In case of a condition, which is made for the benefit of the wife, it shall bind her. E. 1. Voucher, 289. Cui in vita 19. It is clear per Perkins tittle Feoffments. One makes a feoffment to I. S. and a letter of attorney to the wife of I. D. to make livery, it is good. It is said in 18 E. 3. 131. a woman made a feoffment and marriel, and directed her feoffees, on her death-bed, to make a tittle to her husband; it is not good, neither in law or in conscience: and there is an express reason for it. Because a feme covert cannot make a will. 19 H. 6. One devised that his executors should convey his lands by a fine: they have not the land; yet they may convey it by a fine, and the conufee shall be in by the will. A distinction is taken in 9 H. 6. 25. 11 H. 6. 12. 21 H 4. 24. If I devise lands to my executors to sell, they have both an interest *44 and an authority to sell. But if I devise that my executors shall sell &c. they have only an authority: still, they may enter and sell, and it will be good to avoid in, cumbrances, and the heir and vendee shall be in by the will.